Opinion issued October 8, 2009
















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00810-CV
____________

SHOWBIZ MULTIMEDIA, LLC; SHOWBIZ MULTIMEDIA
ENTERTAINMENT, LLC; AND VINAY KARNA, Appellants

V.

MOUNTAIN STATES MORTGAGE CENTERS, INC.; REMINGTON
FINANCIAL GROUP, INC; AND MATTHEW McMANUS, Appellees








On Appeal from the 387th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 04-CV-135299
 













 
CONCURRING OPINION
          The Majority Opinion is understandable in its dutiful obeisance to the
per curiam opinion of the Texas Supreme Court in Living Centers of Texas,
Inc. v. Peñalver, 256 S.W.3d 678 (Tex. 2008). Because I find the approach
of the majority opinion of the Fourth Court of Appeals in Living Centers of
Texas, Inc. v. Peñalver, 217 S.W.3d 44 (Tex. App.—San Antonio 2006),
rev’d, 256 S.W.3d 678 (Tex. 2008) to be more sound, I respectfully concur.
          The majority opinion of the Fourth Court of Appeals followed the
prevailing standard of review and analyzed the claim of incurable error in
jury argument by viewing the argument in light of the entire record. Id. at
51. The per curiam opinion of the Texas Supreme Court relied on the
leading case of Standard Fire Insurance Co. v. Reese, 584 S.W.2d 835 (Tex.
1979) for several propositions. See Peñalver, 256 S.W.2d at 680–81. When
it came to the standard of review, however, it ignored the standard of
looking at the whole record and chose instead, without citing any authority,
to expressly reject the general harmless error analysis. Id. at 681.
          The problem that I see in rejecting a general harmless error analysis
that includes viewing the complained-of argument in the context of the
record of the trial as a whole is that it devolves into a question of whether
the argument in isolation shocks the particular panel of justices making the
call. Accordingly, I urge the Texas Supreme Court to reconsider its per
curiam opinion in Peñalver with a view toward returning this area of the law
to its more objective precedent.
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Bland, Sharp, and Taft.



Justice Taft, concurring.